UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


TEDRIC JARVEZ JACKSON,

       Petitioner,

-vs-                                     Case No.  6:12-cv-459-Orl-36KRS


SECRETARY, DEPARTMENT
  OF CORRECTIONS, et al.,

       Respondents.

_____/


**<u>ORDER</u>**

       Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).   Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 11).  Petitioner filed a reply (Doc. No. 14) and a supplemental reply (Doc. No. 16) to the response.

       Petitioner alleges four claims for relief in his habeas petition:  (1) trial counsel was ineffective for failing to call certain witnesses to testify at trial; (2) trial counsel was ineffective for failing to call an accident reconstruction expert and a medical expert to

testify at trial; (3) trial counsel was ineffective for failing to object to certain hearsay testimony that alluded to Petitioner having committed an uncharged offense; and (4) trial counsel "should have objected to [a certain] question and answer on the bas[is] of hearsay." *See* Doc. No. 1 at 12.

## I.   *Procedural History*

Petitioner was charged by amended information with five counts:  1) aggravated assault upon a law enforcement officer; 2) fleeing or attempting to elude a police officer; 3) resisting an officer with violence; 4) aggravated battery upon a law enforcement officer; and 5) felony driving while license revoked (habitual offender).  A jury trial was held, and Petitioner was found guilty as to all counts.  The trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a total term of thirty years.  Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, raising three claims.  The trial court entered an order denying claims 1(b), 1(c), and 3 and setting a hearing as to claims 1(a) and 2.  After the evidentiary hearing, the trial court entered an order denying the remaining claims.  Petitioner appealed the denial of his Rule 3.850 motion, and the state appellate court affirmed the denial *per curiam*.

II.     *Legal Standards*

A.      *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision."  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider."  *Maharaj v. Secretary, Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).  The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts.  Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court

identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1]  *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**B.**   ***Standard for Ineffective Assistance of Counsel***

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of

---

[1]In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court.  *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2]  *Id.* at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id*. at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989)

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight.  *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).  Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

---

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

### III.   Analysis

### A.   Claims One and Two

These claims were raised in Petitioner's Rule 3.850 motion.  However, Petitioner did not appeal the denial of these claims to the state appellate court.  Since Petitioner did not raise these claims on appeal from the denial of his Rule 3.850 post-conviction motion, these claims are not exhausted for federal habeas corpus purposes. *See Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) (exhaustion requires not only the filing of a Rule 3.850 motion, but also an appeal of its denial); *see also Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991); *Smith v. Jones*, 923 F.2d 588 (8th Cir. 1991) (claims presented in post-conviction motion and not appealed were procedurally barred in subsequent habeas proceedings).  When it is clear that an unexhausted claim would be barred in state court due to a state-law procedural default, federal courts can treat the claim now barred by state law as no basis for federal habeas relief.  *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998).  Therefore, the failure to appeal the denial of these claims results in a procedural default.

Claims that are procedurally defaulted are not reviewable by this Court unless the petitioner can demonstrate cause for the default and actual prejudice, *Wainwright v. Sykes*, 433 U.S. 72 (1977), or by demonstrating that the failure to consider the claim will result in a "fundamental miscarriage of justice."  *Murray v. Carrier*, 477 U.S. 478, 496 (1986) ("where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence

of a showing of cause for the procedural default."). Petitioner has not shown cause and prejudice to overcome the procedural default, and he has not shown that a fundamental miscarriage of justice will occur if this Court does not reach the merits of his claims. Because Petitioner fails to proffer specific facts showing an exception to the procedural default, these claims are procedurally barred and are denied.

Further and alternatively, Petitioner fails to make a threshold showing of entitlement to relief under 28 U.S.C. § 2254(d). The petition does not show that the state court decision relative to these claims resulted in an unreasonable application of clearly established federal law or an unreasonable determination of the facts.[2] Claims one and two do not warrant habeas corpus relief.

**B.    Claims Three and Four**

Petitioner states that trial counsel was ineffective for failing to object to certain hearsay testimony that alluded to Petitioner having committed an uncharged offense (claim three) and that trial counsel "should have objected to [a certain] question and

---

[3]Petitioner states that Pearline Jackson, his grandmother, would have testified that she provided Petitioner with a key to the car so that he could retrieve it. However, this testimony would have directly contradicted Petitioner's testimony that he received a tip about the car's whereabouts and went to retrieve the car without telling either his grandmother or his aunt, Sarah Jackson, because they were asleep.

Petitioner states that Sarah Jackson would have testified that she asked Petitioner to follow-up on a tip about her stolen car and asked him to retrieve it. Again, this would have contradicted Petitioner's testimony. In addition, the evidentiary hearing revealed that Petitioner's counsel made a strategic decision not to call Tarah Davis as a witness. Thus, Petitioner failed to show that counsel acted deficiently or that he sustained prejudice.

7

answer on the bas[is] of hearsay" (claims four).   These claims were raised in Petitioner's

Rule 3.850 motion and were denied because Petitioner had not shown prejudice.

These claims relate to Petitioner's assertion that counsel should have objected to

the following question and answer on the basis of hearsay:

> Q: After you spoke to the car owner, without telling us what that
> individual said, that would be hearsay, did you at that time continue to
> charge this individual with the stolen car?
>
> A. Yes, sir.

App. B, Transcript of Trial at  74.  The question was directed at State witness Deputy

John Michael Hawkins, and Petitioner's counsel objected to the question on the basis of

relevancy.

Assuming that the question was objectionable on hearsay grounds, Petitioner has

failed to demonstrate prejudice.   There was other evidence presented at trial

demonstrating that the vehicle Petitioner was driving had been stolen.  In addition, the

jury was aware that Petitioner was not charged with theft in this case, and evidence that

the vehicle was stolen was relevant to establish motive.   As such, these claims are

without merit, and the state court's rejection of these claims was not contrary to, nor did

it involve an unreasonable application of, clearly established Supreme Court precedent,

nor was it based upon an unreasonable determination of the facts in light of the

evidence presented.

Any of Petitioner's allegations not specifically addressed herein have been found

to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Tedric Jarvez

Jackson is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.      The Clerk of the Court shall enter judgment accordingly and is directed to

close this case.

3.      This Court should grant an application for certificate of appealability only

if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28

U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a

constitutional right.[3]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

   **DONE AND ORDERED** in Chambers in Orlando, Florida, this 4th day of

November, 2013.

*Charlene Edwards Honeywell*

Charlene Edwards Honeywell
United States District Judge

---

[4]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.

Copies to:
OrlP-2 11/4
Tedric Jarvez Jackson
Counsel of Record